IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00371-GPG

PETERSON I. BATAILLE,

    Plaintiff,

v.

GALLAGHER BASSETT [SERVICES],

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Peterson I. Bataille, resides in Aurora, Colorado.  He initiated this action by filing, *pro se*, a Complaint (ECF No. 1) in which he states the following:

> On January 26, 2014, my worker comp insurance adjustor was conspired with CONCENTRA to deny my benefits because the claim adjustor, Karen Claussen, who work for GALLAGHER BASSETT SERVICES was making judgments on the date of maximum to recovery to sa[v]e her company money and stop all my worker comp benefit and on 1/27/15 she email that my claim was initially denied and she date not respected the date the podiatrist put on my file[] that was 3/13/2015 also the adjustor and CONCENTRA remove me from care to early because of that I'm paying out of pocket for my care the adjustor tell me she will not pay additional treatment for me.

(ECF No. 1, at 3).  Mr. Bataille has not completed the following sections of the Complaint: Jurisdiction, Claims for Relief, and Request for Relief.  (*Id.* at 2-7).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Bataille is not represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, a *pro se* party must follow the same procedural rules that govern other

litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). The Court has reviewed the Complaint and finds that it is deficient. Plaintiff will be required to file an amended complaint if he intends to pursue this action.

## I. Jurisdiction

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

In the Complaint, Mr. Bataille does not allege a statutory basis to invoke the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Moreover, to the extent he would assert a federal cause of action under 42 U.S.C. § 1983, his allegations do not support a claim under that federal statute. "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, Mr. Bataille complains of alleged misconduct by a private entity (his private employer's insurance company) that implicates state law.

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted). A private actor may be subject to liability under

§ 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*., 531 U.S. 288, 295 (2001) (quotation marks and citations omitted).  However, if a plaintiff "attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.  Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted).

If Plaintiff is unable to allege facts to show the deprivation of a federal right under color of state law, or otherwise establish a basis for the Court's federal question jurisdiction, Mr. Bataille must demonstrate that this Court has jurisdiction over his allegations under the diversity jurisdiction statute.  A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.  *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  Mr. Bataille fails to allege adequately a basis for exercising diversity jurisdiction over his state law claims.  Plaintiff alleges that both he and the Defendant are residents of Colorado.  Further, he does not request a specific amount in damages.

Accordingly, Plaintiff will be directed to file an amended complaint that alleges an adequate basis for this Court to exercise subject matter jurisdiction over his allegations.

## II. Fed. R. Civ. P. 8

The Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Bataille fails to assert clear and concise claims for relief, together with supporting factual allegations. It is Plaintiff's responsibility to present his claim or claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. "To state a

claim in federal court, a complaint must explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's actions harmed [the plaintiff], and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Bataille will be given an opportunity to cure the deficiencies in his Complaint by submitting an Amended Complaint that asserts claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and demonstrates the Court's subject matter jurisdiction.  Accordingly, it is

ORDERED that Plaintiff, Peterson I. Bataille, **within thirty (30) days from the date of this order**, file an Amended Complaint, on the court-approved Complaint form, that complies with this order.  It is

FURTHER ORDERED that Mr. Bataille shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the Amended Complaint.  It is

FURTHER ORDERED that if Mr. Bataille fails to file an Amended Complaint that complies with this order within the time allowed, some or all of the this action will be dismissed without further notice.

DATED February 24, 2015, at Denver, Colorado.

                                              BY THE COURT:

                                              S/ Gordon P. Gallagher

                                              _____
                                              United States Magistrate Judge