IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00371-GPG

PETERSON I. BATAILLE,

    Plaintiff,

v.

GALLAGHER BASSETT, and
CONCENTRA MEDICAL CENTERS,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Peterson I. Bataille, resides in Aurora, Colorado. He initiated this action by filing, *pro se*, a Complaint (ECF No. 1). Mr. Bataille has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 24, 2015, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient. Magistrate Judge Gallagher informed Plaintiff that he had not completed several sections of the Complaint form and failed to allege a jurisdictional basis for his state law medical malpractice claims. (ECF No. 5). Magistrate Judge Gallagher ordered Plaintiff to file an Amended Complaint within 30 days of the February 24 Order that demonstrated the Court's subject matter jurisdiction over his claim(s) and complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.*). Mr. Bataille filed an Amended Complaint on March 2, 2015. (ECF No. 6).

In the Amended Complaint, Plaintiff alleged the following:

> On January 26, 2014, my worker comp insurance adjustor was conspired with CONCENTRA to deny my benefits because the claim adjustor, Karen Claussen, who work for GALLAGHER BASSETT SERVICES was making judgments on the date of maximum to recovery to sa[v]e her company money and stop all my worker comp benefit and on 1/27/15 she email that my claim was initially denied and she date not respected the date the podiatrist put on my file[] that was 3/13/2015 also the adjustor and CONCENTRA remove me from care to early because of that I'm paying out of pocket for my care the adjustor tell me she will not pay additional treatment for me.

(ECF No. 6, at 3). The Amended Complaint is otherwise blank, except for the Plaintiff's signature.

The Court must construe the Amended Complaint liberally because Mr. Bataille is not represented by counsel. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a *pro se* party must follow the same procedural rules that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). For the reasons discussed below, the Amended Complaint will be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). There are two statutory bases for federal subject matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331.

In the Complaint, Mr. Bataille does not allege a statutory basis to invoke the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Moreover, to the extent he would assert a federal cause of action under 42 U.S.C. § 1983, his allegations do not support a claim under that federal statute. "[T]o state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  However, Mr. Bataille complains of alleged misconduct by private entities that appears to implicate state medical malpractice law.

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (internal quotation marks omitted).  A private actor may be subject to liability under § 1983 if "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quotation marks and citations omitted).   However, if a plaintiff "attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.  Rather, the plaintiff must specifically plead facts tending to show agreement and concerted action." *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (internal quotation marks omitted).  Plaintiff does not allege any facts to suggest that the private defendants acted in concert with government officials to violate his constitutional rights.

The Court finds that Plaintiff has failed to allege facts in the Amended Complaint to establish federal question jurisdiction under 28 U.S.C. § 1331.  Mr. Bataille must

therefore demonstrate that this Court has jurisdiction over his allegations under the diversity jurisdiction statute.

A plaintiff properly invokes § 1332 jurisdiction when he or she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiff's allegations in the Amended Complaint that both he and the Defendant are residents of Colorado are insufficient to invoke this Court's diversity jurisdiction. Accordingly, it is

ORDERED that the Amended Complaint (ECF No. 6) and this action are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Plaintiff may seek relief in the state courts. It is

FURTHER ORDERED leave to proceed in forma pauperis is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Bataille files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United

States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 1, 2015, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court